TIMOTHY J. RACICOT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2d Floor
Missoula, MT 59802
Phone: (406) 542-8851
Fax: (406) 542-1476
E-mail: tim.racicot2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED

OCT 26 2016

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 16- 15 -H- SEH |
|---|---|
| Plaintiff, | INDICTMENT |
| vs. | INTERSTATE TRANSPORTATION OF STOLEN PROPERTY |
| JOHN GREGORY ALEXANDER HERRIN, | (Count I)<br>Title 18 U.S.C. § 2314<br>(Penalty: Ten years imprisonment, $250,000 fine, and three years supervised release) |
| Defendant. | MONEY LAUNDERING<br>(Counts II-XIII)<br>Title 18 U.S.C. § 1957<br>(Penalty: Ten years imprisonment, $250,000 fine, and three years supervised release) |

1

| | ATTEMPTED WITNESS TAMPERING<br>(Count XIV)<br>Title 18 U.S.C. § 1512(b)(3)<br>(Penalty: 20 years imprisonment, $250,000 fine, and three years supervised release) |
|---|---|

THE GRAND JURY CHARGES:

## COUNT I

On or about January 3, 2014, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, did unlawfully transport in interstate commerce from Montana to Nevada stolen money of a value of $5,000 or more, knowing the same to have been stolen, in violation of 18 U.S.C. § 2314.

## COUNT II

On or about January 7, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN deposited $160,870 into his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT III

On or about January 9, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN deposited $26,000 into his Ameritrade account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT IV

On or about January 21, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN withdrew $30,000 from his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT V

On or about January 22, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN withdrew $30,000 from his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT VI

On or about January 30, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN deposited $120,000 into his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT VII

On or about January 31, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $60,000 from his Wells Fargo Bank checking account to his Wells Fargo Bank saving account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT VIII

On or about February 4, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $34,000 from his Wells Fargo Bank checking account into his Ameritrade account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT IX

On or about March 4, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $15,000 from his Wells Fargo Bank savings account to his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT X

On or about March 6, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $25,000 from his Wells Fargo Bank savings account to his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT XI

On or about March 7, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $23,000 from his Wells Fargo Bank checking account to his Ameritrade account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT XII

On or about June 5, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $25,000 from his US Bank account to his Ameritrade account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT XIII

On or about July 15, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $13,000 from his Ameritrade account to his account at Rocky Mountain Credit Union, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT XIV

In approximately March 2014, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly attempted to corruptly persuade another person, with the intent to hinder, delay, and prevent the communication of information relating to the commission of a federal offense to a law enforcement officer, and committed a substantial step toward corruptly persuading that other person, in violation of 18 U.S.C. § 1512(b)(3).

///

///

///

A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

Foreperson signature

**FOREPERSON**

MICHAEL W. COTTER
United States Attorney

JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

WARRANT ✓
BAIL
CRM/SUM