MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
　　　　Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR 16-15-H-SEH** |
| Plaintiff, | |
| vs. | **DEFENDANT'S OPPOSED MOTION TO SUPPRESS EVIDENCE FED. R. CRIM. P. RULE 12(b)(3)(C)** |
| JOHN GREGORY ALEXANDER HERRIN, | |
| Defendant. | |

## I. MOTION

COMES NOW the defendant (Mr. Herrin) and moves the Court for a pretrial ruling suppressing any and all evidence that the government intends to put before the jury showing that Mr. Herrin was the individual who stole, converted or embezzled money from GardaWorld, an international company that provides

armored truck services to FDIC banks and other businesses throughout the world, including Montana.

## II.  CONTEXT FOR THIS MOTION

Following is a summary of the discovery the government has provided thus far:

**(A)** GardaWorld is an armored truck company with offices in Helena, Montana. Every Wednesday the company's OTR (over the road) truck drives to Missoula and Kalispell where it makes currency exchanges with local route trucks. This case involves an OTR truck that left Helena on November 20, 2013, and made a currency transfer to a Missoula route truck in Missoula. The OTR truck made about five additional stops before arriving in Kalispell to make a transfer to a Kalispell route truck. (Bates pg. 235).[1] It was there that three ATM load bags, intended for that transfer, were determined missing. (Bates pg. 236). The three ATM load bags contained a total of $390,000.

**(B)** The driver of the Missoula route truck (not the defendant) turned in his resignation November 15, 2013, effective November 28, 2013. (Bates pg. 238).

**(C)** The ATM load bags for Kalispell were allegedly properly prepared by GardaWorld's Helena Service Manager on November 19, 2013. (Bates pg. 227).

---

[1] All citations labeled Bates are in reference to the United States Discovery.

(**D**) At 3:50 a.m., on November 20, 2013, the OTR truck was loaded for the day by the driver and messenger (the passenger employee). (Bates pg. 228). The OTR Truck left Helena at 4:30 a.m. and arrived at Missoula 6:30 a.m. (Bates pg. 229). The truck stopped at a local convenience store, and then proceeded to the First Interstate Bank on Front Street, where it rendezvoused with a Missoula truck. The driver of the Missoula truck had previously handed in his official resignation, and the messenger was new to the route that day. (Bates pg. 232).

(**E**) After completing the transfer at 8:51 a.m., the Missoula truck began its route, which include making a transfer to another Missoula truck. The OTR truck finished servicing the First Interstate Bank and then serviced three other banks before rendezvousing with the Kalispell truck, at 12:00 p.m., in Kalispell. It was there that three ATM load bags were discovered missing. (Bates pg. 230).

(**F**) At 1:45 p.m. the driver of the OTR truck contacted the Missoula trucks inquiring as to whether they inadvertently received Kalispell's missing ATM load bags. At 5:00 p.m. the employees from the OTR truck met with the employees of other Missoula route trucks at the GardaWorld Missoula branch office. (Bates pg. 238). No one knew what happened to the missing money.

(**G**) GardaWorld sent two internal investigators to Montana who began interviewing GardaWorld employees on November 23, 2013. (Bates pg. 219). The

driver of the Missoula truck that accepted a transfer from the OTR truck, who had already given his resignation, refused to be interviewed and presented the investigators with his attorney's business card. (Bates pg. 226).

(H) The Missoula truck had shown "**a number of offages**" in the past. The driver of the OTR truck could not be certain that he did not accidentally transfer the Kalispell bag to the Missoula truck. It is the speculation of the OTR driver that the money must have gone missing during the Missoula transfer. (Bates pg. 36).

(I) The investigators shared their findings with Missoula law enforcement. (Bates pg. 220). On December 3, 2013, a Missoula Detective obtained a Search Warrant for the cell phone records of the driver of the Missoula route truck. The Application for that Search Warrant stated that the messenger of the Missoula route truck accidently accepted the 3 Kalispell load bags from the OTR truck. (Bates pg. 323). The conclusion of the GardaWorld internal investigation was that the driver of the Missoula route truck discovered the mishandled money and committed a crime of opportunity.

(J) Defendant, John Herrin, was a driver for GardaWorld, living in Helena, when the money went missing. Mr. Herrin did not drive a route on the day the money went missing, but in Helena did load bags of coins into his truck for the next day, between 5:21 p.m. and 6:14 p.m., which was common practice. (Bates pg. 239).

**(K)** Mr. Herrin vacationed in Las Vegas between January 3, 2014 and January 5, 2014. On January 07, 2014 Mr. Herrin deposited a $123,500 check from Aria Resort and Casino, and $37,370 in cash, into his Wells Fargo Account in downtown Helena. (Bates pg. 3).

**(L)** Mr. Herrin made a second trip to Las Vegas between January 24, 2014 and November 27, 2014. On January 30, 2014 Mr. Herrin deposits numerous $20 bills, totaling $120,000, into his Wells Fargo Account in downtown Helena. (USA age 3).

**(M)** On February 12, 2014, a Missoula Detective wrote to a Captain of the Helena Police Department advising that she was aware of these activity on the bank account of Mr. Herrin. (Bates pg. 333). Based on Mr. Herrin's banking activities the government shifted its theory for blame from the driver of the Missoula truck to Mr. Herrin. Mr. Herrin was indicted in this Court on October 26, 2016. Notably, Mr. Herrin has neither been charged nor convicted in any court with stealing the money.

### III. GROUNDS FOR THIS MOTION

**(A)** In satisfaction of Rule 47(b) Fed. R. Crim. P. defense counsel states the following grounds for this motion:

> Since discovery shows that the government intends to cast Mr. Herrin before the jury as the thief of the money, Count I-XIII of the Indictment are what we term compound offenses. In other words, Counts I-XIII of necessity will require proof beyond a reasonable doubt at trial, not only

that Mr. Herrin moved money in interstate commerce and that Mr. Herrin's illegally gained "proceeds" were processed through his bank accounts (Counts II-XIII); but also that Mr. Herrin stole the money from the armored car, which is a violation of 18 U.S.C. §2113(b) with the following elements:

> (1) Mr. Herrin carried away in excess $1000;

> (2) The money belonged to or was in the custody, care or control of an FDIC bank;

> (3) Mr. Herrin's intent was to steal the money.

*See United States v. King*, 178 F.3d 1376, 1377 (11th Cir. 1999); *United States v. Mafnas*, 701 F.2d 83, 85 (9th Cir. 1983) (armored car theft by armored car driver is theft from bank and covered by 18 U.S.C. §2113(b)).

**(B)** Accordingly, it is Mr. Herrin's contention that any trial evidence intended by the government to show that Mr. Herrin violated 18 U.S.C. §2113(b) ought to be suppressed pretrial because the government failed to indict Mr. Herrin for stealing the money as required by the grand jury clause in the Fifth Amendment to the U.S. Constitution. Furthermore, under 18 U.S.C. §3282 "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed" *Id*. (emphasis added). Thus, since the discovery shows that the money in this case went missing from the armored truck in or around November 20, 2013, that charge (a violation of 18 U.S.C. §2113(b)) cannot be tried under the present Indictment for

that offense because it is legally a separate offense under controlling case law and 18 U.S.C. §3282(a). Consequently, any evidence tending to show that Mr. Herrin was the thief ought to be ruled inadmissible before trial.

**(C)** Assuming the Court rules favorably on ground (B) set forth above defendant, Mr. Herrin, further contends that Mr. Herrin's out of court statements, banking activities and travels to Las Vegas would be irrelevant at any trial on the Indictment before a jury. This follows because where the Court has barred the government from contending that the defendant was the actual bank theft it would be more prejudicial than probative under Rule 403 Fed. R. Evid. to allow the jury to pile inference upon inference without foundation. *See e.g. United States v. Valadez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir. 1998) (conviction cannot be upheld by piling inference upon inference). Absent a trial wherein the government contends defendant was the actual thief there would be no basis or foundation to infer that Mr. Herrin's statements, banking activities or travels involved the same money taken by the robber of the GardaWorld armored truck.

## IV.  GOVERNMENT'S POSITION

Assistant United States Attorney Tim Racicot states that the government opposes this motion and will respond in writing under the terms of the Court's scheduling order.

## V. CONCLUSION

WHEREFORE, based on this motion and the brief that supports it (ECF No. 14) suppression of any evidence tending to show defendant was the thief of the money ought to be granted

RESPECTFULLY SUBMITTED this 12th day of December, 2018.

      _/s/ Michael Donahoe__ ____
      MICHAEL DONAHOE
      Deputy Federal Defender
      Federal Defenders of Montana
      Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on December 12, 2018, a copy of the foregoing document

was served on the following persons by the following means:

___1___ CM-ECF

_____ Mail

1.    CLERK, UNITED STATES DISTRICT COURT

1.    Timothy J. Racicot
      Deputy Criminal Chief
      U.S. Attorney's Office
      District of Montana
      P.O. Box 8329
      Missoula, MT  59807

                                    /s/ Michael Donahoe
                                   MICHAEL DONAHOE
                                   Deputy Federal Defender

Federal Defenders of Montana
50 West 14th Street, Suite 1
Helena, Montana 59601
(406) 449-8381

9