FILED

1/16/2019

Clerk, U.S. District Court
District of Montana
Helena Division

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-15-H-SEH |
| Plaintiff, | **ORDER** |
| vs. | |
| JOHN GREGORY ALEXANDER HERRIN, | |
| Defendant. | |

The Court's scheduling order of November 30, 2018, set this case for trial on January 22, 2019.[1]

On December 12, 2018, Defendant filed a motion to suppress evidence.[2] A hearing on the motion was held on January 10, 2019, after which the motion was denied.[3] On January 10, 2019, the defendant appealed the denial of the motion.[4] The appeal was docketed on January 10, 2019.[5]

---

[1] Doc. 8.

[2] Doc. 13.

[3] Doc. 34.

[4] Doc. 36.

[5] *United States v. Herrin*, No. 09-30002 (9th Cir. Jan.10, 2019).

-1-

On January 14, 2019, the Ninth Circuit Court of Appeals entered its order stating:

> A review of the record suggests that this court may lack jurisdiction over the appeal because the district court's order, denying appellant's motion to suppress, entered on January 10, 2019, is not appealable as a final judgment or an order that comes within the collateral order doctrine. *See* 28 U.S.C. § 1291; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (stating that finality requirement generally "prohibits appellate review until after conviction and imposition of sentence").
>
> Within 21 days after the date of this order, appellant shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. If appellant elects to show cause, a response may be flied within 10 days after service of the memorandum.[6]

ORDERED:

The trial set for January 22, 2019, is VACATED, to be reset, if appropriate, upon final resolution of the pending appeal. All time from the date of the filing of the appeal[7] to the date of the filing of the Ninth Circuit's mandate, or other

---

[6] Order, *United States v. Herrin*, No. 09-30002 (9th Cir. Jan. 14, 2019).

[7] Doc. 36.

disposition, is excluded for purposes of the Speedy Trial Act. 18 U.S.C. §

3161(h)(1)(C).[8]

Upon the filing of the Ninth Circuit's mandate or other disposition, the

United States shall file a motion to reset the case for trial, or for such other action

as may be appropriate.

DATED this *16th* day of January, 2019.

SAM E. HADDON
United States District Judge

---

[8] *See also U.S. v. Davenport*, 935 F.2d 1223 (11th Cir. 1991); *U.S. v. Long*, 900 F.2d 1270 (8th Cir. 1990).